# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00897-CV

**Loran Fredric, Appellant**

**v.**

**Brooke Fredric, Appellee**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-FM-23-002306, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Loran Fredric has filed a notice of appeal. On December 8, 2025, appellant filed in this Court a "Motion for Reporter's Record at No Cost and to Enforce Indigency Determination." Fredric notifies the Court that he filed a Statement of Indigency in the trial court on November 25, 2025, and the clerk's record contains a file-stamped copy of that Statement, which was also attached to his motion. In his motion, Fredric requests that we order the court reporter to prepare the reporter's record without payment of costs because she has informed him that the trial court instructed her not to prepare the record unless payment is made. The court reporter also informed us in the status report that she filed with this Court that "[a]fter reviewing appellant's Statement of Inability to [P]ay, Judge Eiserloh did not approve payment by the county for the record."

We abate this appeal and remand the case to the trial court for a determination, if necessary, of appellant's ability to afford payment of court costs under Rule 145 of the Texas

Rules of Civil Procedure. *See* Tex. R. Civ. P. 145 (governing when payment of costs is not required). Any motion to require appellant to pay costs or to require appellant to prove inability to afford costs must be filed in the trial court by the appropriate party in accordance with Rule 145. *See id.* R. 145(e)(1). The trial court "on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case." *See id.* R. 145(e)(2). "The declarant must not be required to pay costs without an oral evidentiary hearing." *Id.* R. 145(f)(1).

If necessary, the trial court shall conduct a hearing on any such motion and make appropriate findings and orders. *See id.* R. 145(f)(1)-(4). Any and all documents filed and orders signed pursuant to Rule 145 shall be forwarded to this Court for filing as a supplemental record no later than February 2, 2026. Alternatively, a party, the trial-court clerk, or the court reporter may file a status report informing this Court that additional time is needed for a determination under Rule 145. In the absence of a request for additional time, this Court will reinstate this appeal on February 3, 2026. Upon reinstatement, if an order requiring appellant to pay costs has not been signed, appellant will be entitled to proceed without payment of the costs associated with this appeal. *See id.* R. 145(a).

It is so ordered on December 19, 2025.


Before Justices Triana, Kelly, and Theofanis

Abated and Remanded

Filed: December 19, 2025

2